IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>TIRAN RODEZ CASTEEL and DEVON CASTEEL,<br><br>        Defendants. | 1:08-cr-00053-RP<br><br><br><br>**ORDER** |

      The proceedings in the district court and Court of Appeals for this case are now final, and the case is closed. Before the Court is a Motion for Return of Property filed by both Defendants (ECF No. 647). The Government resists the motion.

      A "person aggrieved . . . by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). The person aggrieved must show that he or she is lawfully entitled to property, which may be done through, but does not require an evidentiary hearing. *Jackson v. United States*, 526 F.3d 394, 396 (8th Cir. 2008). Defendants first must show they have a right to the property's return. *Id.* "A Rule 41(g) motion 'is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues.'" *Id.* at 397 (internal quotations omitted).

Coins stolen from Eitzen Residence

      Coins were discovered in the trunk of Devan Casteel's car when law enforcement officers searched his vehicle as part of an undercover firearm operation on September 12, 2008. These

were coins stolen from Darlene Eitzen's home the night of September 11, 2008. Defendants argue they were never convicted of stealing the coins, and they are entitled to the coins because they were in their possession.

The Court ruled on this issue previously, finding that Tiran Casteel had failed to 1) provide, with sufficient specificity, which coins should be returned, 2) demonstrate that he owned any of the coins, 3) demonstrate that the coins belonged to him rather than to Eitzen, or 4) any other proof of ownership. *See* Order at 5-6, ECF No. 543.

Defendants here submit a copy of the seizure report which show coins were removed from his car and a list of coins seized from the residence of Tiran Casteel. Motion at 10-11, ECF No. 647. Defendants also include a receipt to indicate assorted coins were returned to Linda Stoops on February 17, 2012. *Id.* at 12-13. However, these exhibits do not clarify which coins might legitimately belong to either Defendant and those that were stolen from Eitzen.

As they failed to do previously, *see* Order Denying Relief at 2-6, ECF No. 543 and Order Denying Reconsideration at 6, ECF No. 559, neither Tiran or Devan Casteel has demonstrated with sufficient specificity that either is the actual owner of the coins. The motion for return of the coins is denied.

### Starter Pistol

During a search of Defendants' residence on September 12, 2008, law enforcement officers seized a starter pistol. Defendants argue that while it appeared to be a firearm, it was only a starter pistol.

A firearm is defined as "(A) any weapon (***including a starter gun***) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (b)

2

the frame or receiver of any such weapon; (c) any firearm muffler or firearm silencer; or (d) any destructive device." 18 U.S.C. § 921(a)(3)(emphasis added).  A starter gun is specifically included and meets the definition of firearm.  Tiran Casteel concedes it was illegal for him to possess any firearm, and therefore, he is not entitled to have the starter gun returned.

### Firearms taken from Residence of Kay Casteel

On September 12, 2008, law enforcement agents recovered firearms from the residence of Kay Casteel.  Kay Casteel is the mother of Tiran and grandmother of Devan.  Devan Casteel claims all the firearms removed from this residence belonged to him, none of the firearms were stolen, and none were used against Eitzen.  Devon Casteel attests that Kay Casteel is now deceased.  Because he is now is a felon, Devan Casteel asks that the firearms be sent to his mother, Crystal Mitchell.

A motion to transfer these weapons to a third party may occur only where the defendant provides assurances that the "recipient will not allow the felon to exert any influence over their use."  *Henderson v. United States*, 135 S.Ct. 1780, 1787 (2015) (in context of § 922(g)).  Devan Casteel has provided no assurances about how this arrangement would prevent him from retaining control over these firearms.  This motion is denied.

### Cash paid to Undercover Officer

According to Devan Casteel, during the undercover investigation carried out on September 12, 2008, he paid $600 to the ATF Officer for two pistols.  Devan Casteel states he paid the money himself and also carried the pistols to his car.  Devan Casteel states the cash came from his social security check.  As such, he seeks the return of his money.

Devan Casteel's assertions are at odds with the law of the case. The Court of Appeals found that during the undercover operation the agent gave the firearms to Tiran Casteel to inspect, which he did. *United States v. Tiran Rodez Casteel*, 717 F.3d 635, 643 (8th Cir. 2013). "After inspecting the guns, ***Casteel pulled thirty twenty-dollar bills from his pocket to cover the $600 purchase price and gave the money to Special Agent White.*** Devan, who remained quiet during the negotiations, took the two firearms and placed them in the back seat of the Bonneville. Special Agent White's support team then arrested the Casteels." *Id.* (emphasis added).

Devan Casteel's self serving statement that he paid the money is not sufficient to overcome the law of the case which found it was Tiran Casteel not Devan Casteel who paid the $600 to the agent. As Devan Casteel has failed to show he possessed the cash originally, the motion for its return is denied.

### Summary and Rulings

**The "Refiled Motion for Return of Property," ECF No. 647, is denied.**

IT IS SO ORDERED.

Dated this ___5th___ day of July, 2017.

_____
ROBERT W. PRATT, Judge
U.S. DISTRICT COURT